UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.

KRISTA L. KOTLARZ WATSON, a/k/a
    "Kris Kotlarz," and
PAUL NATHAN WRIGHT, a/k/a
    "Jacob Might,"
    "P. Nathan Wright,"
    "Nate Wright,"

      Defendants.

                          File. No. 1:06-CR-290

                          HON. ROBERT HOLMES BELL

_____/

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Huntington National Bank's ("Huntington") motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e) and W.D. Mich. LCivR 7.4. (Dkt. No. 134, Huntington's Mot. for Reconsideration.) The final order of forfeiture, to which Huntington's motion is directed, was entered in this criminal case and Huntington only filed its motion in the criminal case,[1]

---

[1] The Court consolidated the ancillary criminal forfeiture proceeding in *United States v. Krista L. Kotlarz Watson, et al.*, File No. 1:06-CR-290, with the civil forfeiture proceeding *United States v. One Silicon Valley Bank Account, 3300355711, in the amount of one hundred thirteen thousand nine hundred fifty-two and 62/100 dollars ($113,952.62)*, File No. 1:05-CV-295. (Dkt. No. 112, 12/10/2007 Mem. Op.) The Court's March 31, 2008, opinion was entered in both cases, though the final order of forfeiture was only entered in the criminal case.

therefore the Court will construe Huntington's motion as a motion for reconsideration under W.D. Mich. LCrR 47.3.

In order to prevail on a motion for reconsideration the movant must make two showings. First, the movant must "demonstrate a palpable defect by which the Court and the parties have been mislead . . . ." W.D. Mich. LCrR 47.3(a). Second, the movant must "show that a different disposition of the case must result from a correction" of the palpable defect. *Id.*

Huntington contends that the Court's March 31, 2008, opinion that accompanied the final order of forfeiture contains "two erroneous assumptions." (Dkt. No. 135, Huntington's Br. in Supp. 2.) First, Huntington contends that the Court erroneously assumed that "Huntington was <u>not</u> a *bona fide* purchaser for value ("BFP") under 21 U.S.C. § 853(n)(6)(B)." (*Id.* (footnote omitted).) Second, Huntington contends that the "Court erroneously conflate[d] Defendants with the CyberNET entity." (*Id.*)

Huntington contends that the Court erred with respect to Huntington being a BFP because Huntington's BFP status was purportedly referenced in Huntington's verified petition, in its brief filed in relation to the January 10, 2008, hearing, and at the January 10, 2008, hearing. Contrary to Huntington's contention, Huntington's verified petition does not assert that Huntington is a BFP or reference 21 U.S.C. § 853(n)(6)(B). (Dkt. No. 113, Huntington's Ver. Pet.) Huntington's verified petition does reference 21 U.S.C. § 853(n), (Huntington's Ver. Pet. ¶ 1), but given that § 853(n) provides the general process for third-

2

parties to assert their rights in criminal forfeiture proceedings and that § 853(n) contains seven subsections, a reference to § 853(n) cannot reasonably be read to refer to § 853(n)(6)(B). Huntington also contends that the brief it filed in relation to the January 10, 2008, hearing, presented Huntington's BFP claim. In footnote six, Huntington's brief in relation to the January 10, 2008, hearing provides in pertinent part:

> It appears Huntington's property interest in the Huntington Account was in existence at the time the illegal conduct giving rise to forfeiture took place. Accordingly, Huntington will not address its status as a bona fide purchaser or seller for value. If, however, it is determined that Huntington's property interest was acquired after the conduct giving rise to the forfeiture took place, then Huntington reserves the right to brief the issue for this Court.

(Dkt. No. 124, Huntington's Br. Setting Forth Its Interest 6 n.6.) Huntington's brief does not reference 21 U.S.C. § 853(n)(6)(B). At the January 10, 2008, hearing, Huntington also referenced its status as a BFP. (Dkt. No. 133, Consol. Ancillary Crim. Forfeiture Hr'g Tr. 31:23-34:6.)

Huntington had the burden of proof to prove that it is a BFP. 21 U.S.C. § 853(n)(6); *Pacheco v. Serendensky*, 393 F.3d 348, 351 (2d Cir. 2004). Although Huntington referenced its purported BFP status at the January 10, 2008, hearing, consistent with the position stated in the language quoted from Huntington's brief, Huntington only offered a limited discussion of its BFP status at the January 10, 2008, hearing. This is exemplified by Huntington's analysis of when a person is a BFP under Michigan law, which appears for the *first time* in Huntington's brief in support of its motion for reconsideration. (Huntington's Br. in Supp. 4-6.) The Court's December 10, 2007, order that scheduled the ancillary

3

criminal forfeiture hearing for January 10, 2008, did not provide for a multi-part hearing. Morever, neither 21 U.S.C. § 853(n), nor Federal Rule of Criminal Procedure 32.2 provide for the type of multi-part hearing presumed by Huntington. *E.g.,* 21 U.S.C. § 853(n)(4) ("The hearing on the petition shall"), (n)(5) ("At the hearing"), (n)(6) ("after the hearing"); Fed. R. Crim. P. 32.2(c)(1)(B) ("before conducting a hearing on the petition"). Lastly, Huntington's brief filed in relation to the ancillary criminal forfeiture hearing was only nine pages. The Court's December 10, 2007, order that provided for briefing in relation to the January 10, 2008, hearing did not limit the length of briefs that could be filed. (12/10/2007 Mem. Op. 5.) If Huntington read the Court's December 10, 2007, order that called for briefs in relation to the January 10, 2008, hearing to be limited by the Local Criminal Rules, then Huntington would still have been entitled to file a twenty-five page brief. W.D. Mich. LCrR 47.1(a-b). Hence, Huntington was not forced to defer presenting its BFP position in order to comply with the space limitations. Huntington did not present its BFP claim prior to the January 10, 2008, hearing and cannot now use a motion for reconsideration to present arguments that could have been presented in briefing submitted prior to the January 10, 2008, hearing.

Huntington next contends that the March 31, 2008, opinion contains a palpable defect because the Court used the phrase "CyberNET assets" and conflated CyberNET with the individual defendants. (Dkt. No. 131, 03/31/2008 Op. 5.) Huntington contends that this is an error because criminal forfeiture can only be sought against the assets of criminal defendants. The Court only used the phrase "CyberNET assets" once in its thirty-seven page

4

March 31, 2008, opinion and the phrase appears in the statement of facts, not in the analysis of Huntington or another petitioner's petition.  Huntington is correct that the government can only seek to criminally forfeit the assets of criminal defendants in a criminal asset forfeiture proceeding.  21 U.S.C. § 853(a); *United States v. O'Dell*, 247 F.3d 655, 680 (6th Cir. 2001).  However, Defendants Krista L. Kotlarz Watson and Paul Nathan Wright both agreed to forfeit to the United States the assets identified in the forfeiture count of the indictment. (Dkt. No. 73, Paul Nathan Wright Plea Agreement ¶ 13; Dkt. No. 76, Krista Kotlarz Watson Plea Agreement ¶ 18.)  Moreover, at the January 10, 2008, hearing, Huntington acknowledged that it had not presented any evidence indicating that the assets identified in the forfeiture count are not proceeds of Defendants Watson and Wright's criminal activity. (Consol. Ancillary Crim. Forfeiture Hr'g Tr. 27:21-23.)  Huntington has not offered any such evidence in support of its motion for reconsideration.  Thus, the evidence in the record continues to indicate that the forfeited assets are the proceeds of Defendant Watson and Wright's criminal activity.

Huntington has not shown that the Court's March 31, 2008, opinion contained a palpable defect.  Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Huntington National Bank's motion to alter or amend judgment (Dkt. No. 134) is **DENIED**.

Date:    May 16, 2008                    /s/ Robert Holmes Bell
                                         ROBERT HOLMES BELL
                                         CHIEF UNITED STATES DISTRICT JUDGE