UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KRISTA L. KOTLARZ WATSON, et al.,

    Defendants.
    _____/

File No. 1:06-CR-290

HON. ROBERT HOLMES BELL

**OPINION**

This criminal forfeiture proceeding is before the Court on remand from the Sixth Circuit Court of Appeals for a determination as to whether Huntington National Bank ("Huntington") qualifies as a bona fide purchaser for value under 21 U.S.C. § 853(n)(6)(B). For the reasons that follow, the Court concludes that it does not.

**I.**

This forfeiture proceeding arises out of the operations of Cybernet,[1] a company that engaged in a complex pyramid scheme to defraud dozens of lenders and financiers out of more than $100 million dollars in loans and lines of credit. In 2002, Huntington granted Cyberco Holdings, Inc., a multi-million-dollar line of credit, in exchange for which Cyberco granted Huntington "a continuing security interest and lien" in all of Cyberco's tangible and

---

[1] For purposes of this opinion, the term "Cybernet" refers collectively to Cybernet Engineering, Cyberco Holdings, and/or CyberNET.

intangible property and rights, "including . . . deposit accounts." (Dkt. No. 147, Ex. A, Security Agrm't ¶ 2.) In November of 2004, the government seized approximately $4 million in Cybernet assets, including $705,168.60 from Huntington Bank Account Number 01159630935 ("the Cyberco Account").

A criminal indictment was issued against individuals associated with the operation of Cybernet. Count 10 of the indictment included forfeiture allegations against Defendants Krista L. Kotlarz Watson and Paul Nathan Wright regarding certain Cybernet assets, including the Cyberco Account. (Dkt. No. 4, Indictment ¶ 12; Dkt. No. 61, Superseding Indictment ¶ 10.) As part of their respective plea agreements, Watson and Wright agreed to forfeit to the United States any interest they or Cybernet possessed in the assets identified in Count 10 of the superseding indictment. (Dkt. No. 73, Wright Plea Agrm't ¶ 13; Dkt. No. 76, Watson Plea Agrm't ¶ 18.) On September 24, 2007, the Court entered a preliminary order of forfeiture regarding the assets identified in Count 10 of the superseding indictment, which included the Cyberco Account. (Dkt. No. 80.)

On December 10, 2007, Huntington filed a verified petition of claim, asserting its right to, and ownership in, the forfeited property, including the Cyberco Account. (Dkt. No. 113.) On March 31, 2008, following a hearing on third-party interests asserted in the forfeited property, the Court determined that Huntington did not have a legal right, title, or interest that rendered the order of forfeiture invalid in whole or in part under § 853(n)(6)(A). The Court accordingly entered a final order of forfeiture, forfeiting the Cyberco Account to

the United States as having been derived from the proceeds obtained directly or indirectly as a result of mail fraud and/or bank fraud, or a conspiracy to commit such offenses. (Dkt. No. 132, Final Order of Forfeiture.) Huntington moved for reconsideration on the basis that it was entitled to relief under § 853(n)(6)(B) because it was a bona fide purchaser. (Dkt. No. 134.) The Court denied Huntington's motion for reconsideration of the finding that Huntington had waived its bona fide purchaser argument by failing to raise it earlier. (Dkt. No. 137.) The Sixth Circuit reversed this finding of waiver and remanded so that this Court could consider the merits of Huntington's claim that it qualified as a bona fide purchaser for value under § 853(n)(6)(B). *United States v. Huntington National Bank*, 574 F.3d 329, 334 (6th Cir. 2009).

## II.

Under § 853(n)(6)(B), property cannot be forfeited if "the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section." 21 U.S.C. § 853(n)(6)(B). The bona fide purchaser exception in subsection (B) applies "'where the petitioner acquired his legal interest after the acts giving rise to the forfeiture but did so in the context of a bona fide purchase for value and had no reason to believe that the property was subject to forfeiture.'" *United States v. Harris*, 246 F.3d 566, 574 (6th Cir. 2001) (quoting *United States v. Lavin*, 942 F.2d 177, 185 (3d Cir.1991) (quoting S. Rep. No. 225, 98th Cong. 1st Sess. 208, *reprinted in* 1984 U.S.C.C.A.N. 3182,

3392)). The Court refers to state law in determining the nature of the property interest claimed by a third party in forfeiture proceedings under 21 U.S.C. § 853(n). *United States v. Salti*, 579 F.3d 656, 668-69 (6th Cir. 2009) (citing *United States v. Smith*, 966 F.2d 1045, 1054 n.10 (6th Cir. 1992)).

Huntington contends that by virtue of its security interest in the Cyberco Account and its ignorance of Cyberco's fraud, it qualifies as a "bona fide purchaser for value" under the plain language of § 853(n)(6)(B) and applicable state law. The government responds that Huntington has not shown, and cannot show, that it "purchased" for "value" an interest in the Cybernet assets, and that there is a question of fact as to whether Huntington was "bona fide" in its dealings with Cybernet.

Section 853(n)(6)[2] is an exception to the general rule requiring third parties to petition

---

[2]Section 853(n)(6) provides:

If, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that--

(A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or

(B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;

the court shall amend the order of forfeiture in accordance with its determination.

21 U.S.C. § 853(n)(6).

the Attorney General for relief from an order of criminal forfeiture. *Harris*, 246 F.3d at 574. "'As we read the relevant history, Congress did not intend section 853(n) to serve as a vehicle by which *all* innocent third parties who are aggrieved by an order of criminal forfeiture can petition for judicial relief.'" *Id.* (quoting *Lavin*, 942 F.2d at 185 (emphasis in original)). Rather, "'Congress, in enacting section 853(n)(6)(A) and (B), intended to accord standing to only two *narrow* classes of third parties, and intended to require all other third parties to petition the Attorney General for relief, *see* 21 U.S.C. § 853(i).'" *Id.* (quoting *Lavin*, 942 F.2d at 185) (emphasis added).

In order to understand what individuals Congress intended to protect through the enactment of subsection (B), courts have looked to the source of the statutory language. *Id.* at 575. The language in subsection (B) is derived essentially from hornbook commercial law and reflects the common-law rule that an "innocent purchaser for valuable consideration must be protected." *Id.* (quoting *Lavin*, 942 F.2d at 185-86).

> The good-faith purchaser exception developed over time in order to promote finality in commercial transactions and thus to encourage purchases and to foster commerce. It does so by protecting the title of a purchaser who acquires property for valuable consideration and who, at the time of the purchase, is without notice that the seller lacks valid and transferable title in the property.

*Id.* (quoting *Lavin*, 942 F.2d at 186). In determining whether claimants fall within the scope of § 853(n)(6)(B)), the Sixth Circuit looks to the traditional definition of "bona fide purchasers." *United States v. Campos*, 859 F.2d 1233, 1238 (6th Cir. 1988). As the term "bona fide purchasers" is a legal term of art, the Sixth Circuit is unwilling to give the phrase an "unnatural meaning" for the purpose of subsection (n)(6)(B). *Id.*

5

In support of its contention that it is a bona fide purchaser for value, Huntington focuses on the definitions of "purchaser" and "value" under the Michigan Uniform Commercial Code (UCC). The UCC defines "purchaser" to include one who takes an interest in property by security interest. Mich. Comp. Laws § 440.1201(32), (33). The UCC further provides that a person "gives 'value' for rights under the UCC if the person acquires them: (a) In return . . . for the extension of immediately available credit whether or not drawn upon . . . ; or (b) As security for or in total or partial satisfaction of a preexisting claim . . . ." *Id.* at § 440.1201(44). Thus, Huntington contends that it "purchased" its security interest in all personal property assets of Cyberco, including the Cyberco Account, in 2002, in exchange for its promise to periodically lend funds to Cyberco under a continuing, multi-million-dollar line of credit, and that it paid "value" for its security interest when it made periodic loan advances under the line of credit. (Dkt. No. 151, Reply Br. 25-26.)

The good faith purchaser doctrine found in UCC § 2-403 and codified in § 853(n)(6)(B), applies to transactions involving the sale of goods:

> The purpose of the good faith purchaser doctrine, codified in Sections 2-403 and 2-102 of the UCC, is to promote commerce by reducing transaction costs; it allows people safely to engage in the purchase and sale of goods without conducting a costly investigation of the conduct and rights of all previous possessors in the chain of distribution.

*Lavin*, 942 F.2d at 186 (quoting *Johnson & Johnson Prods., Inc. v. Dal Int'l Trading Co.*, 798 F.2d 100, 104 (3d Cir. 1986)); *see also United States v. O'Brien*, No. 97-4382, 1999 WL 357755, at *2 (6th Cir. May 11, 1999) (unpublished) (noting that under § 853(n)(6)(B), the petitioner must establish a right, title or interest in "a particular piece of property" subject to forfeiture).

The UCC protects "good faith purchasers for value" only in Mich. Comp. Laws § 440.2403. This provision is found in Article 2, which governs transactions in goods and explicitly does not govern any security transaction. Mich. Comp. Laws § 440.2102. The UCC also protects purchasers "for value and without notice" in Article 3 governing negotiable instruments, Mich. Comp. Laws § 440.3302, and in Article 8, governing investment securities, Mich. Comp. Laws § 440.8202. Huntington's rights as a secured creditor, however, are not governed by Articles 2, 3, or 8. Huntington's rights in secured transactions are governed by Article 9, which does not provide protection either for "good faith purchasers for value" or for purchasers "for value and without notice."

*United States v. Frykholm*, 362 F.3d 413 (7th Cir. 2004), and *Genessee Merchants Bank Trust Co. v. Tucker Motor Sales*, 372 N.W.2d 546 (Mich. Ct. App. 1985), cited by Huntington in support of its contention that the holder of a security interest can be a bona fide purchaser for value, are distinguishable. In contrast to Huntington's asserted security interest in unspecified funds in deposit accounts, *Frykholm* involved a mortgage in a specific parcel of real property, 362 F.3d at 415, and *Genessee Merchants Bank* involved security interests in automobiles, 372 N.W.2d at 342.

Huntington's contention that it is a bona fide purchaser for value under § 853(n)(6)(B) focuses on the individual terms "purchaser" and "value," and ignores the traditional application of the term "bona fide purchaser for value" or "good faith purchaser for value" to tangible assets. The Court declines to broaden the narrow class of parties Congress intended to protect in § 853(n)(6)(B) by unnaturally extending the exception to include intangible deposit accounts.

Because this Court concludes that Huntington was not a bona fide purchaser for value of the Cyberco Account, the Court need not address the government's alternative argument that a question of fact remains as to whether Huntington was "bona fide" in its dealings with Cybernet. *See United States v. O'Brien*, No. 97-4382, 1999 WL 357755, at *2 (6th Cir. May 11, 1999).

An order consistent with this opinion will be entered.


Dated: June 22, 2010                                    /s/ Robert Holmes Bell
                                                        ROBERT HOLMES BELL
                                                        UNITED STATES DISTRICT JUDGE